IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IRILMOSKOMAZZERELA WASHINGTON, ) | |
| #268 575, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civ. Act. No. 2:12-CV-545-WHA |
| ) | [WO] |
| HON. JUDGE REYNOLDS, ) | |
| ) | |
|     Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an inmate presently confined at the Ventress Correctional Facility located in Clayton, Alabama. In this complaint, Plaintiff alleges that the defendant, the Honorable Sibley Reynolds, Circuit Judge for the Nineteenth Judicial Circuit of Alabama,[1] abused his judicial authority by refusing to grant Plaintiff's request that he recuse himself from a civil proceeding Plaintiff filed against his former legal counsel despite the fact that Defendant Reynolds was the judge assigned to Plaintiff's prior divorce and criminal cases. (*Doc. No. 1*.) Plaintiff seeks damages from Defendant Reynolds as a result of his conduct which Plaintiff asserts constitutes an abuse of his oath of office. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[2]

---

[1] The Nineteenth Judicial Circuit is comprised of Autauga, Elmore, and Chilton Counties.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires

**I. DISCUSSION**

Plaintiff cannot proceed on his claims against Judge Reynolds. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Judges cannot be sued for money damages (the only relief Plaintiff seeks) for performing judicial acts, even when the acts result in unfairness and injustice to a litigant. *Mireles v. Waco,* 502 U.S. 9 (1991). This immunity is not intended to protect or benefit a malicious or corrupt judge. It is intended to protect the important public interest in maintaining an environment in which judges can do their jobs without fearing harassment by unsatisfied litigants. *Pierson v. Ray,* 386 U.S. 547, 554 (1967). The claims against Judge Reynolds are based solely on Plaintiff's dissatisfaction with actions this defendant took in his capacity as a judge. The law protects Judge Reynolds from having to defend this lawsuit. This means that Plaintiff cannot go forward on his claim that Defendant Reynolds abused his authority by issuing a ruling with which Plaintiff disagrees. *See Loranger v. Stierheim,* 10 F.3d 776, 780 (11th Cir. 1994) ("as a general rule, a judge's rulings in the same case are not valid grounds for recusal").

---

the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Defendant Reynolds be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii);

2. This case be DISMISSED prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

It is further

ORDERED that on or before **September 1, 2012** Plaintiff may file an objection to the Recommendation. Any objection filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done, this 17th day of August 2012.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE