IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

IRILMOSKOMAZZERELA WASHINGTON,  )
#268 575,                                             )
     Plaintiff,                                    )
                                                      )
v.                                                        )   Civ. Act. No. 2:12-CV-545-WHA
                                                      )                     [WO]
HON. JUDGE REYNOLDS,                      )
                                                      )
     Defendant.                                   )

**ORDER AND SUPPLEMENTAL RECOMMENDATION
OF THE MAGISTRATE JUDGE**

On August 17, 2012 the undersigned entered a Recommendation that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (iii). Plaintiff has filed an objection to the Recommendation. Upon thorough review of this pleading, the court concludes that Plaintiff's objection is without merit. To the extent the objection may be considered to contain a motion to amend to allege additional allegations against the named defendant, it is

ORDERED that the motion to amend (*Doc. No. 10*) is GRANTED. Upon consideration of the allegations presented in the amended complaint, the undersigned finds that such allegations are subject to dismissal for the reasons discussed in the instant supplement to its previous Recommendation.

In the August 17 Recommendation of the Magistrate Judge, the court recommended dismissal of the instant 42 U.S.C. § 1983 action in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i & iii). Specifically, with regard to the claims against the

Honorable Sibley Reynolds,  the court concluded that Plaintiff was not entitled to damages against Judge Reynolds  (the only relief requested in the complaint) for performing judicial acts, even where said acts result in unfairness and injustice to a litigant. *Mireles v. Waco,* 502 U.S. 9 (1991).

In his amended complaint, Plaintiff states that he seeks recusal of Judge Reynolds from civil actions filed against him by his ex-wife.  Failure of Judge Reynolds to recuse himself, Plaintiff claims, amounts to a conflict of interest because Judge Reynolds presided over Plaintiff's 2006 divorce proceedings as well as Plaintiff's criminal trial on a charge of attempted murder of his ex-wife.  Plaintiff further complains that after a civil suit was filed against him in an Autauga  County state court in 2010, Judge Reynolds directed the complainant in that action  to re-file the case in Elmore County.  According to Plaintiff, Judge Reynolds erred in allowing the case to be re-filed in Elmore County in 2011 where the action was barred by the statute of limitations and because venue was improper in Elmore County.  Plaintiff requests that this court reverse the rulings of Judge Reynolds made in the 2011 civil suit pending against him in the Elmore County Circuit Court and provide him relief on the jurisdiction issue.  (*Doc. No. 10*.)

## I.  DISCUSSION

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S.

800, 807 (1982).  As the court previously explained, judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity and the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump v.  Sparkman*, 435 U.S. 349, 356 (1978);  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986).  Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v.  Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' "  *Mireles v.  Waco*, 502 U.S. 9, 10 (1991), quoting *Bradley v.  Fisher*, 13 Wall.  335, 20 L.Ed.  646 (1872).

In determining whether a particular judge  is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction.  *See Stump*, 435 U.S. at 356.  Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of  judicial authority.  *Id*.  at 356-57.

A review of Plaintiff's allegations against Judge Reynolds in the amended complaint, does not compel the conclusion that he acted in clear absence of jurisdiction.  Rather, Plaintiff's lawsuit is exactly the type of action that the *Pierson*, *supra*, Court, recognized as necessitating the doctrine of judicial immunity.  In disagreement with the decisions reached at the state court level, this *pro se* litigant has turned to this forum to assert allegations of unconstitutional  acts against a state court judge.  Because judicial immunity precludes Plaintiff's recovery of damages against Judge Reynolds, dismissal of his claims against this Defendants is appropriate on this basis.

Notwithstanding the doctrine of judicial immunity, the court finds that, in essence, Plaintiff's complaint, as amended,  seeks to appeal and overturn  decisions  made by a judge of an Alabama state court. This court, however,  does not have the authority to review final judgments of  state courts in judicial proceedings.  Rather, such review may be had only in the United States Supreme Court.  28 U.S.C. § 1257.  Under the *Rooker-Feldman* doctrine,[1] a determination must be made as to whether a plaintiff's suit seeks constitutional review of a rule or statute that was relied upon by the state court or, instead, contends that the state court committed a constitutional error in arriving at its decision.  *District of Columbia Court of Appeals v.  Feldman*, 460 U.S. 462, 486-87 (1983); *Brown & Root, Inc., v. Breckenridge*,

---

[1] The Supreme Court held in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) ("the *Rooker-Feldman* doctrine"), that a United States District Court has no authority to review final judgments of a state court in judicial proceedings, except for general constitutional challenges and reviews pursuant to an application for a writ of habeas corpus. The United States Supreme Court is the only Court that may review a state court's judicial decisions.  28 U.S.C. § 1257(a).

No. 99 Civ. 1831, slip op. at 4-5 (4th Cir. May 2, 2000). A district court has jurisdiction to hear suits concerning the former but not the latter. *Id*. The court finds that the instant case falls within the second category.

Here, Plaintiff's allegations of constitutional violations are directed solely at perceived error by a state court in reaching its decisions in which Plaintiff is a party. Such constitutional claims are obviously "inextricably intertwined" with the state court decisions in a judicial proceeding. A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges to state court decisions in particular cases arising out of state judicial proceedings, even if those challenges allege that the court's action was unconstitutional. *Feldman*, 460 U.S. at 486-87; *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995) (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also cf. Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986); *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Likewise, a 42 U.S.C. § 1983 action may not be used to compel a state court to take a particular course of action because this court has no authority to issue a writ directing state courts or their judicial officers in the performance of their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

"[O]nce a case is litigated in state court, a federal district court does not have

jurisdiction to review it." *Schmitt v. Schmitt*, 324 F.3d 484, 486 (7th Cir. 2003).[2] While Plaintiff couches his complaint in terms of a constitutional violation, the essence of his complaint, as amended, concerns adverse rulings he received in state court civil actions. These claims are "inextricably intertwined with the merits of . . . state-court judgment[s]," because his federal claims succeed "only to the extent that the state court[s] wrongly decided the issues before [them]." *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id*. Accordingly, this court lacks jurisdiction to render judgment over Plaintiff's claims.

The allegations contained in complaint, as amended, are either frivolous, seek damages against a defendant who is immune from such relief, or the court lacks subject matter jurisdiction over them. The court, therefore, concludes that the complaint, as amended, is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i-iii) and/or for lack of subject matter jurisdiction.

---

[2]The *Schmitt* court held:

> We have interpreted *Rooker-Feldman* to ask whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. Put another way, if the injury which the federal plaintiff alleges resulted from the state court judgment itself, then *Rooker-Feldman* controls, and the lower federal courts lack jurisdiction over the claim. It does not matter that the state court judgment might be erroneous or even unconstitutional.

*Schmitt*, 324 F.3d at 486.

## II.  CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that:

1.  The August 17, 2012 Recommendation of the Magistrate Judge (*Doc. No. 8*) be ADOPTED and Plaintiff's objections thereto (*Doc. No. 10*) be overruled;

2.  The § 1983 claims presented against Defendant Reynolds in the complaint, as amended  (*Doc. No. 10*), be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i-iii) and/or for lack of subject matter jurisdiction; and

3.  The complaint, as amended, be DISMISSED prior to service of process.

It is further

ORDERED that on or before **September 24, 2012** Plaintiff  may file an objection to the Supplemental Recommendation.  Any objection filed must clearly identify the findings in the Magistrate Judge's Supplemental  Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Supplemental  Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Supplemental Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Supplemental Recommendation and shall bar the party from attacking on appeal factual findings in the Supplemental Recommendation accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 6th  day of September, 2012.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE